IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

COLTON WILLIAMS,               :
                               :
         Plaintiff,            :
                               :
    VS.                        :
                               :   7 : 13-CV-86 (HL)
MARTY ALLEN and SHAWN EMMONS,  :
                               :
         Defendants.           :

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is a Motion to Dismiss filed by the Defendants. (Doc. 12). The Court notified the Plaintiff of the filing of the Defendants' Motion to Dismiss and directed him to respond thereto within thirty (30) days of the Court's Order. (Doc. 13). The Plaintiff has filed a response to this motion. (Doc. 21).

Plaintiff filed this action in June 2013, raising allegations regarding the conditions of his confinement at Valdosta State Prison as they relate to the provision of vegan meals. (Doc. 1). Plaintiff maintains that the Defendants have refused to provide him with a nutritionally adequate vegan diet, thereby violating his right to free exercise of his Islamic religion. *Id.* Plaintiff alleges in his Complaint that as a result of receiving inadequate food and nourishment, he suffers from headaches and constant hunger. *Id.* Defendants have filed a Motion to Dismiss, asserting that the Plaintiff cannot recover damages for his claims under the Prison Litigation Reform Act ("PLRA"). (Doc. 12).

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). Although the Court must accept as true all of the factual allegations in the Complaint, this standard does not apply to legal conclusions in the Complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Defendants assert initially that the Plaintiff cannot recover compensatory or punitive damages under the PLRA unless he can demonstrate "more than a *de minimis* physical injury". (Doc. 12); 42 U.S.C. § 1997e(e). The Defendants maintain that the Plaintiff's alleged injuries of headaches and hunger are merely *de minimis* and prevent his recovery of compensatory damages.

Pursuant to § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Eleventh Circuit has concluded that "the physical injury must be more than *de minimis*, but need not be significant." *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated in part on other grounds in Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000) (en banc).

The Court notes initially that in his response to the Defendants' Motion to Dismiss, the Plaintiff also alleges that he has suffered a drastic weight loss as a result of the Defendants' alleged refusal to provide a nutritionally adequate vegan diet.  (Doc. 21).   Moreover, this Court has specifically found that § 1997e(e) "bars a plaintiff from recovering compensatory and punitive damages for any mental or emotional injury he may have suffered", but claims for actual physical injury may proceed to an award of compensatory damages.  *Nix v. Carter*, 2013 WL 432566 *2 (CAR) (M.D.Ga., Feb. 1, 2013).   "This Court can find no authority limiting a prisoner's damages for the *actual* physical injury he may have suffered, even if the court determines the injury was *de minimis*.  Section 1997e(e) only bars recover[y] for mental or emotional injury".  *Id.*   As it does not appear that the Plaintiff herein is seeking to recover for mental or emotional injury, § 1997e(e) does not bar his recovery for actual physical injuries in the forms of headaches and weight loss.

The Defendants further assert that the Plaintiff cannot recover nominal damages under the PLRA.   However, this Court has found that nominal damages may be recovered under the PLRA, and other courts have noted that the issue of whether nominal damages are available under the PLRA for a plaintiff who has not alleged a physical injury remains unresolved by the Eleventh Circuit, but that such damages appear to be available.  *Chastain v. Barber*, 2010 WL 3717300 *1 (HL) (M.D.Ga., Sept. 9, 2010); *Cassady v. Walker*, 2014 WL 1320095 n.15 (S.D.Ga., March 31, 2014); *Smith v. Barrow*, 2012 WL 6519541 *4 (S.D.Ga., Nov. 9, 2012).

In regard to the Defendants' contention that although the Plaintiff does not make a specific claim for injunctive relief, any such claim would be barred against the Defendants in their individual capacities, the Court notes that the Plaintiff does not appear to seek injunctive relief. Moreover, "dismissal is not justified simply because a plaintiff seeks relief in his complaint to which he is not entitled.  *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 65-66 (1978) ('[A]

3

federal court should not dismiss a meritorious constitutional claim because the complaint seeks one remedy rather than another plainly appropriate one.'); *see also Williams v. Brown*, 347 Fed.Appx. 429, 436-37 (11th Cir. 2009) (directing district court on remand to consider whether complaint could be construed to request nominal damages when compensatory and punitive damages were foreclosed by § 1997e(e)". *Smith*, 2012 WL 6519541 at *5 (certain internal citations omitted). "[F]ailure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)." *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). The question under Rule 12(b)(6), rather, is whether the Plaintiff has stated a "claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Smith*, 2012 WL 6519541 at *5.

Accordingly, inasmuch as it appears that the Plaintiff has stated a plausible claim for relief, and the Defendants have failed to establish that Plaintiff is not entitled to relief, it is the Recommendation of the undersigned that the Defendants' Motion to Dismiss be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 8th day of May, 2014.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

asb