# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**COLTON WILLIAMS**,

    Plaintiff,

v.

**Warden MARTY ALLEN and SHAWN EMMONS,**

    Defendants.

Civil Action No. 7:13-CV-86 (HL)

## ORDER

This case is before the Court on a Recommendation from United States Magistrate Judge Thomas Q. Langstaff (Doc. 23), entered May 8, 2014. Judge Langstaff recommends denial of Defendants' Motion to Dismiss. (Doc. 12).

Defendants filed objections to the recommendation on May 23, 2014. (Doc. 24). The Court conducted a *de novo* review of the objections to the Recommendation raised by Defendants.

Accepting as true the allegations in Plaintiff's complaint, Plaintiff sets forth general violations of his constitutional rights by Defendants for their failure to provide him with vegan meals. Plaintiff states that his religious beliefs in Islam dictate that he follow a restricted diet. Defendants' continued refusal to accommodate Plaintiff's request has left Plaintiff hungry and subject to headaches. In his response to Defendants' Motion to Dismiss, Plaintiff further

alleges weight loss from 208 to 184 pounds. (Doc. 21). However, Plaintiff clarifies that his "claim was not based on me having headaches. That was just an effect of the hunger." (Id.). Rather, his "claim is on the refusal to respect my constitutional rights." (Id.). He seeks compensatory damages for the alleged infringement on his unspecified constitutional rights.

The Magistrate recommends that Plaintiff's claims for compensatory damages proceed. Defendants object. Defendants argue that the Prison Litigation Reform Act ("PLRA") bars Plaintiff's claims for compensatory or punitive damages because any injuries suffered by Plaintiff were *de minimis*.

A "prisoner plaintiff's right to monetary relief is severely circumscribed by the terms of" the PLRA. Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007). The Act precludes recovery "for mental or emotional injury suffered while in custody without a prior showing of physical harm." 42 U.S.C. § 1997e(e). The physical injury "must be more than *de minimis*, but need not be significant." Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated in part and reinstated in part*, Harris v. Garner, 216 F.3d 970 (11th Cir. 2000) (*en banc*). The physical injury requirement applies regardless of whether the prisoner pleads a "mental or emotional injury." Al-Amin v. Smith, 637 F.3d 1192, 1196-97 (2011) (analyzing the decision of the Harris Court). Constitutional claims are not treated as exceptional to the PLRA: "The PLRA's preclusive effect thus applied equally to all constitutional claims, as the [Harris] Court did not distinguish between

2

constitutional claims frequently accompanied by physical injury (i.e. Eighth Amendment violations) and those rarely accompanied by physical injury (e.g. First Amendment violations)." Id. at 1197. Instead, the law permits prisoners to enforce their constitutional rights through actions for declaratory and injunctive relief rather than through a suit for damages. Harris, 190 F.3d at 1289.

While Plaintiff here claims a physical impact as a result of the Defendants' constitutional violation, he does not allege a physical injury that is more than *de minimis*. See Jordan v. Corrections Corp. of America, 2008 WL 687329, at *2 (M.D. Ga. Mar. 11, 2008) (quoting Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997)) ("[a] physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. . . . Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)"). Plaintiff specifically states that his "claim is on the refusal to respect my constitutional rights." In a § 1983 claim, compensatory damages may only be awarded based on an actual injury and "cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000). Accordingly, the Court declines to adopt the Magistrate's recommendation that Plaintiff's claims for compensatory damages move forward. The Court grants Defendants' motion to dismiss on that issue.

Defendants next object to the Magistrate's recommendation that Plaintiff be permitted to proceed with his claim for nominal damages. Defendants argue that in the absence of a physical injury the PLRA precludes a claim for nominal damages. The issue of the availability of nominal damages is unresolved in the Eleventh Circuit. However, this Court and other courts have noted that such damages do appear to be available. Chastain v. Barber 2010 WL 3717300 *1 (M.D. Ga. Sept. 9, 2010); Cassady v. Walker, 2014 WL 1320095, n. 15 (S.D. Ga., March 31, 2014); Smith v. Barrow, 2012 WL 6519541, at *4 (S.D. Ga. Nov. 9, 2012). The Supreme Court also has held "that in the absence of actual injury entitling a plaintiff to compensatory damages, a § 1983 plaintiff whose constitutional rights are violated by the defendant is entitled to nominal damages." Slicker, 215 F.3d at 1229 (11th Cir. 2000) (citing Carey v. Piphus, 435 U.S. 247, 266-67 (1978)).

Accordingly, upon review, the Recommendation is accepted in part and denied in part. The Court grants Defendants' motion to dismiss Plaintiff's claims for compensatory or punitive damages. The Court denies Defendants' motion to dismiss Plaintiff's request for nominal damages relating to the alleged constitutional violations, and the case will move forward on those claims.

**SO ORDERED**, this 5th day of June, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks