IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

COLTON WILLIAMS,              :
                                   :
             Plaintiff,      :
                                   :
             VS.            :     7 : 13-CV-86 (HL)
                                   :
MARTY ALLEN and SHAWN EMMONS, :
                                   :
             Defendants.   :

## ORDER and RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are Plaintiff's Motion to Amend, Motion for Leave to File a Supplemental Complaint, Motion for a Temporary Restraining Order, and Motion to Compel.   (Docs. 36, 37, 38, 41).

Plaintiff filed this action in June 2013, raising allegations regarding the conditions of his confinement at Valdosta State Prison as they relate to the provision of vegan meals.   (Doc. 1). Plaintiff maintains that the Defendants have refused to provide him with a nutritionally adequate vegan diet, thereby violating his right to free exercise of his Islamic religion.   *Id.*   Plaintiff alleges in his Complaint that as a result of receiving inadequate food and nourishment, he suffers from headaches and constant hunger.   *Id.*

Defendants filed a Motion to Dismiss, asserting that the Plaintiff cannot recover damages for his claims under the Prison Litigation Reform Act ("PLRA").   (Doc. 12).   By Order dated June 5, 2014, the Court adopted in part the undersigned's recommendation pertaining to Defendants' Motion to Dismiss, and dismissed Plaintiff's claims for compensatory and punitive damages.   (Doc. 25).   Plaintiff's request for nominal damages relating to the alleged constitutional violations was allowed to proceed.   *Id.*

***Motions to amend/supplement***

Defendants filed a Motion for Summary Judgment on January 9, 2015.   (Doc. 31).

Plaintiff sought an extension of time in which to respond to said motion, and the Court granted this

request, allowing Plaintiff until March 9, 2015 to file any response to the subject Motion for

Summary Judgment.   (Docs. 33, 35).   Plaintiff has filed evidence in support of his complaint,

some of which appears to relate to his original Complaint.   (Doc. 42).   Plaintiff filed a Motion to

Amend (Doc. 36) on February 11, 2015 and a Motion for Leave to File a Supplemental Complaint

(Doc. 38) on February 17, 2015.   In these motions, the Plaintiff seeks to add eight (8) defendants

and various claims pertaining to alleged retaliation, confiscation of legal materials, and prison

disciplinary procedures, all of which allegedly occurred after the filing of his initial Complaint.

*Id.*   Plaintiff maintains that he learned of these defendants and claims since the filing of his initial

Complaint in June 2013.   Defendants oppose Plaintiff's attempt to amend his Complaint.   (Doc.

39).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> 1. ***Amending as a Matter of Course.***   A party may amend its
> pleading once as a matter of course within:
> (**A**) 21 days after serving it, or
> (**B**) If the pleading is one to which a responsive pleading is required,
> 21 days after service of a responsive pleading or 21 days after
> service of a motion under rule 12(b), (e), or (f), whichever is earlier.
>
> 2. ***Other Amendments***.   In all other cases, a party may amend its
> pleading only with the opposing party's written consent or the
> court's leave.   The court should freely give leave when justice so
> requires.

Plaintiff executed his Motion to Amend on February 9, 2015, over a year and a half after

the filing of his initial Complaint, nine (9) months after the issuance of the recommendation on

Defendants' Motion to Dismiss, almost eight (8) months after the filing of Defendants' Answer, and almost four (4) months after the close of discovery.   (Docs. 1, 12, 26, 28).   Thus, Plaintiff may not amend his Complaint as of right, but seeks to add to his Complaint by leave of court.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic.   *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982).   Although the decision to grant or deny a motion to amend a complaint is within the discretion of the court, "a justifying reason must be apparent for denial of a motion to amend."   *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).   The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'"   *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although in general, where a more carefully drafted *pro se* complaint might state a claim, a plaintiff should be allowed one opportunity to amend the complaint before the court dismisses an action with prejudice, the proceedings herein are well past that point in the consideration of Plaintiff's claims.   *See Bank v. Pitt*, 928 F.2d 1108 (11th Cir. 1991) *overruled on other grounds by Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541 (11th Cir. 2002).   Moreover, Plaintiff is seeking to add new claims against mostly new defendants rather than attempting to re-draft inadequate claims for relief, and therefore is not entitled to one opportunity to amend his complaint to state a claim.

The Court finds that Plaintiff proceeded with undue delay in seeking to amend his Complaint.   Plaintiff waited at least six (6) months after the initial incidents underlying his amended complaint allegedly took place before he attempted to amend herein, and filed his

motions to amend and supplement after the Defendants filed their summary judgment motion. "The Eleventh Circuit . . . has consistently approved the denial of just such motions to amend pleadings 'when . . . [they appear] designed to avoid an impending adverse summary judgment.'" *Columbus Bank & Trust Co. v. McKenzie Trucking & Leasing LLC*, 2009 WL 3526648 (M.D.Ga. 2009) (CDL) *quoting Lowe's Home Ctrs., Inc. v. Olin Corp.,* 313 F.3d 1307, 1315 (11th Cir. 2002); *see also Keith v. Stewart*, 2006 WL 2298004 (N.D.Ga.) (leave to amend a complaint to add defendant on deliberate indifference claims denied as futile where motion to amend was filed after defendant filed a summary judgment motion); *In re Bullock*, 2012 WL 4511266 (N.D.Ga. 2012) (motion to amend denied on the basis of undue delay, as the motion was filed eight months after the close of discovery).   Accordingly, Plaintiff's Motion to Amend and Motion for Leave to File a Supplemental Complaint are **DENIED**.

### *Motion for a Temporary Restraining Order*

In his Motion for a Temporary Restraining Order, the Plaintiff seeks to "ensure that he be released from unlawful segregation" and the return of his confiscated legal materials.   (Doc. 37). Plaintiff is now housed at Macon State Prison, and seeks injunctive relief against Macon State Prison officials.   *Id.*

The Court is not authorized to issue injunctive relief against the Macon State Prison officials, as it lacks subject matter jurisdiction over these non-parties.   *In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 843 (11th Cir. 1995);   *see also Bowman v. Crosby*, 2005 WL 1278173, *1 (N.D.Fla. 2005) ("the persons from whom injunctive relief is sought must be parties to the underlying action").   Accordingly, it is the recommendation of the undersigned that Plaintiff's Motion for a Temporary Restraining Order be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this

Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14)</u> <u>DAYS</u> after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

***Motion to Compel***

Plaintiff has also filed a Motion to Compel, in which he appears to propound initial discovery requests to the Defendants.   (Doc. 41).   The Court notes that the discovery period herein ended on October 16, 2014, and no extensions of this date were sought or granted.   (Doc. 28).   Moreover, as Plaintiff has not indicated that he has attempted to acquire the desired information through discovery procedures but that his own efforts at discovery have proven futile, the Court finds no basis to intervene in the discovery process at this time.   Plaintiff's Motion to Compel is accordingly **DENIED**.

In light of the Orders issued herein, the Plaintiff shall have until **March 30, 2015** to file any response to the Defendants' Motion for Summary Judgment.

**SO ORDERED and RECOMMENDED**, this 9th day of March, 2015.

s/   ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

5